UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JADE FRANCIS,

                        Plaintiff,

   -against-

APTDECO, INC., JASON GRANT, KALAM DENNIS,
and REHAM FAGIRI, individually,

                      Defendants.

------------------------------------------------------------------------x

**DEENDANTS' ANSWER
WITH SEPARATE
DEFENSES**

Docket No. 1:22-cv-01247

Defendants AptDeco, Inc., Jason Grant, Kalam Dennis, and Reham Fagiri ("Defendants"), by and through their counsel, Fisher & Phillips LLP, answer the "Complaint" filed by Plaintiff Jade Francis on February 14, 2022 (the "Complaint"), as follows:

## AS TO THE NATURE OF THE CASE

1.      Except to admit that Plaintiff purports to proceed as set forth therein, Defendants deny the allegations set forth in Paragraph 1 of the Complaint.

2.      Except to admit that Plaintiff purports to proceed as set forth therein and leave Plaintiff to her proofs, Defendants deny the allegations set forth in Paragraph 2 of the Complaint.

## AS TO JURISDICTION AND VENUE

3.      Except to admit that Plaintiff purports to proceed as set forth therein and leave Plaintiff to her proofs, Defendants state that Paragraph 3 includes legal conclusions to which no response is required.

4.      Except to admit that Plaintiff purports to proceed as set forth therein and leave Plaintiff to her proofs and that AptDeco, Inc. is located in Manhattan, Defendants state that Paragraph 4 includes legal conclusions to which no response is required.

## AS TO JURY DEMAND

5.      Except to admit that Plaintiff purports to proceed as set forth therein, Defendants neither admit nor deny the allegations set forth in Paragraph 5 of the Complaint as they contain no factual allegations against Defendants.

## AS TO THE PARTIES

6.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8.      Except to state that Plaintiff started as a full-time CX Associate in July 2019, and was promoted to Customer Experience Manager in July 2020, Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

9.      Except to state that Jason Grant is the Director of Logistics and Operations at AptDeco, Inc., Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

10.     Defendants admit the allegations set forth in Paragraph 10 of the Complaint.

11.     Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

12.     Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

13.     Defendants admit the allegations set forth in Paragraph 13 of the Complaint.

14.     Defendants admit the allegations set forth in Paragraph 14 of the Complaint.

## AS TO THE ALLEGED FACTS

15.     Except to admit that Plaintiff began her employment at AptDeco, Inc. on or around July 1, 2019, as a CX Associate, Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

FP 44882189.3

17.     Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22.     Defendants admit the allegations set forth in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24.     Except to state that Plaintiff stated on March 5, 2020, that she went to urgent care for her tonsils, Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25.     Except to state that Plaintiff stated on March 5, 2020, that she went to urgent care for her tonsils, and worked from home the following day, Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26.     Defendants admit the allegations set forth in Paragraph 26 of the Complaint.

27.     Except to state that Plaintiff volunteered to train a new employee at the office, Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31.     Except to state that the new employee that Plaintiff trained was furloughed by AptDeco, Inc. due to the COVID-19 pandemic, Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

FP 44882189.3

33.     Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43.     Except to state that, in September 2019, AptDeco hired Pierce Lydon as a part-time Customer Experience Associate, Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50.     Except to state that Plaintiff was promoted to Customer Experience Manager effective July 20, 2020, Defendants deny the remaining allegations set forth in Paragraph 50 of the Complaint.

FP 44882189.3

51.     Except to state that Plaintiff's pay was increased to $25.00 per hour, Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66.     Except to state that, on September 29, 2020, Plaintiff voluntarily resigned, Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

67.     Except to state that, on September 29, 2020, Plaintiff voluntarily resigned as she stated she was "unable to handle the workload of school and a managerial position," Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68.     Except to state that, on September 29, 2020, Plaintiff voluntarily resigned, Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

FP 44882189.3

69.    Except to state that, on September 29, 2020, Plaintiff voluntarily resigned, and that the allegations contained in Paragraph 69 of the Complaint refer to a document, the contents of which speak for itself, Defendants deny the remaining allegations set forth in Paragraph 69 of the Complaint.

70.    Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

71.    Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

72.    Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

73.    Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

74.    Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

75.    Defendants deny the allegations set forth in Paragraph 75 of the Complaint.

76.    Defendants deny the allegations set forth in Paragraph 76 of the Complaint.

77.    Defendants deny the allegations set forth in Paragraph 77 of the Complaint.

78.    Defendants deny the allegations set forth in Paragraph 78 of the Complaint.

79.    Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

80.    Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

81.    Defendants deny the allegations set forth in Paragraph 81 of the Complaint.

82.    Defendants deny the allegations set forth in Paragraph 82 of the Complaint.

**AS TO THE FIRST CAUSE OF ACTION FOR ALLEGED DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
(Not Against Individual Defendants)**

83.    In response to Paragraph 83 of the Complaint, Defendants repeat and re-allege their responses to each and every allegation in the preceding paragraphs as if fully set forth herein.

84.    Defendants respectfully refer the Court to the cited statute in Paragraph 84 of the Complaint for a full and fair statement of its contents and state that no response is required.

6

85.     Defendants deny the allegations in Paragraph 85 of the Complaint.

**AS TO THE SECOND CAUSE OF ACTION FOR ALLEGED DISCRIMINATION
UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
(Not Against Individual Defendants)**

86.     In response to Paragraph 86 of the Complaint, Defendants repeat and re-allege their responses to each and every allegation in the preceding paragraphs as if fully set forth herein.

87.     Defendants respectfully refer the Court to the cited statute in Paragraph 87 of the Complaint for a full and fair statement of its contents and state that no response is required.

88.     Defendants deny the allegations in Paragraph 88 of the Complaint.

**AS TO THE THIRD CAUSE OF ACTION FOR ALLEGED DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(As Against Individual Defendants)**

89.     In response to Paragraph 89 of the Complaint, Defendants repeat and re-allege their responses to each and every allegation in the preceding paragraphs as if fully set forth herein.

90.     Defendants respectfully refer the Court to the cited statute in Paragraph 90 of the Complaint for a full and fair statement of its contents and state that no response is required.

91.     Defendants deny the allegations in Paragraph 91 of the Complaint.

**AS TO THE FOURTH CAUSE OF ACTION FOR ALLEGED DISCRIMINATION
UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
(As Against Individual Defendants)**

92.     In response to Paragraph 92 of the Complaint, Defendants repeat and re-allege their responses to each and every allegation in the preceding paragraphs as if fully set forth herein.

93.     Defendants respectfully refer the Court to the cited statute in Paragraph 93 of the Complaint for a full and fair statement of its contents and state that no response is required.

94.     Defendants deny the allegations in Paragraph 94 of the Complaint.

**AS TO THE FIFTH CAUSE OF ACTION FOR ALLEGED DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**(Not Against Individual Defendants)**

95.     In response to Paragraph 95 of the Complaint, Defendants repeat and re-allege their responses to each and every allegation in the preceding paragraphs as if fully set forth herein.

96.     Defendants respectfully refer the Court to the cited statute in Paragraph 96 of the Complaint for a full and fair statement of its contents and state that no response is required.

97.     Defendants deny the allegations in Paragraph 97 of the Complaint.

**AS TO THE SIXTH CAUSE OF ACTION FOR ALLEGED DISCRIMINATION UNDER STATE LAW**
**(Not Against Individual Defendants)**

98.     Defendants respectfully refer the Court to the cited statute in Paragraph 98 of the Complaint for a full and fair statement of its contents and state that no response is required.

99.     Defendants deny the allegations in Paragraph 99 of the Complaint.

100.     Defendants deny the allegations in Paragraph 100 of the Complaint.

**AS TO THE SEVENTH CAUSE OF ACTION FOR ALLEGED DISCRIMINATION UNDER STATE LAW**
**(As Against Individual Defendants)**

101.     In response to Paragraph 101 of the Complaint, Defendants repeat and re-allege their responses to each and every allegation in the preceding paragraphs as if fully set forth herein.

102.     Defendants respectfully refer the Court to the cited statute in Paragraph 102 of the Complaint for a full and fair statement of its contents and state that no response is required.

103.     Defendants deny the allegations in Paragraph 103 of the Complaint.

FP 44882189.3

**AS TO THE EIGHTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER STATE LAW
(As Against Individual Defendants)**

104.     In response to Paragraph 104 of the Complaint, Defendants repeat and re-allege their responses to each and every allegation in the preceding paragraphs as if fully set forth herein.

105.     Defendants respectfully refer the Court to the cited statute in Paragraph 105 of the Complaint for a full and fair statement of its contents and state that no response is required.

106.     Defendants deny the allegations in Paragraph 106 of the Complaint.

**AS TO THE NINTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE
AMERICANS WITH DISABILITIES ACT
(Not Against Individual Defendants)**

107.     In response to Paragraph 107 of the Complaint, Defendants repeat and re-allege their responses to each and every allegation in the preceding paragraphs as if fully set forth herein.

108.     Defendants deny the allegations in Paragraph 108 of the Complaint.

109.     Defendants respectfully refer the Court to the cited statute in Paragraph 109 of the Complaint for a full and fair statement of its contents and state that no response is required.

110.     Defendants deny the allegations in Paragraph 110 of the Complaint.

**AS TO THE TENTH CAUSE OF ACTION FOR RETALIATION UNDER THE
AMERICANS WITH DISABILITIES ACT
(Not Against Individual Defendants)**

111.     In response to Paragraph 111 of the Complaint, Defendants repeat and re-allege their responses to each and every allegation in the preceding paragraphs as if fully set forth herein.

112.     Defendants respectfully refer the Court to the cited statute in Paragraph 112 of the Complaint for a full and fair statement of its contents and state that no response is required.

113.     Defendants deny the allegations in Paragraph 113 of the Complaint.

FP 44882189.3

## AS TO THE PRAYER FOR RELIEF

Defendants deny all relief requested in the Prayer for Relief contained in the Complaint.

## DEFENDANTS' DEMAND FOR A TRIAL BY JURY

Defendants demand a trial by jury as to all of the factual allegations and legal claims contained in the Complaint.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

The matters in the Complaint, and each and every count thereof, fail to state a claim upon which relief may be granted.

## SECOND SEPARATE DEFENSE

The allegations in the Complaint must be dismissed by reason of Plaintiff's failure to comply with one or more conditions precedent and/or exhaust the necessary administrative remedies prior to filing this lawsuit.

## THIRD SEPARATE DEFENSE

Plaintiff's alleged damages, if any, were attributable in whole or in part to her own conduct and actions of third parties over whom Defendants had no control and not to the actions or inactions of Defendants, its employees, agents, or representatives.

## FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred because Defendants maintained policies against discrimination and retaliation, and Plaintiff unreasonably failed to promptly take advantage of the preventative or corrective opportunities provided by Defendants.

FP 44882189.3

## FIFTH SEPARATE DEFENSE

Any actions undertaken by Defendants with respect to Plaintiff were legitimate and non-discriminatory and non-retaliatory.

## SIXTH SEPARATE DEFENSE

Defendants' alleged actions were not a proximate cause of or a substantial factor in any alleged injury suffered by Plaintiff.

## SEVENTH SEPARATE DEFENSE

Plaintiff has not suffered any economic damages and, to the extent she alleges economic damages, she has failed to properly mitigate.

## EIGHTH SEPARATE DEFENSE

Plaintiff's claims for punitive damages are barred by applicable law and would violate the Due Process Clause of the United States Constitution.

## NINTH SEPARATE DEFENSE

Plaintiff has failed to plead facts entitling her to recover punitive damages under any circumstance.

## TENTH SEPARATE DEFENSE

Plaintiff would be unjustly enriched by any recovery.

## ELEVENTH SEPARATE DEFENSE

The Complaint was not initiated in good faith, and Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TWELFTH SEPARATE DEFENSE

Plaintiff has failed to state a proper claim for compensatory damages.

FP 44882189.3

## THIRTEENTH SEPARATE DEFENSE

Plaintiff has failed to state a proper claim for attorneys' fees.

## FOURTEENTH SEPARATE DEFENSE

To the extent Plaintiff seeks to impose liability and/or recover damages as to the Company Defendants through the principles of agency, *respondeat superior*, or other like theory of liability, Plaintiff's claims are barred for insufficient basis in fact and law.

## FIFTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred and/or her damages are limited by the doctrine of after-acquired evidence.

## SIXTEENTH SEPARATE DEFENSE

The allegations in the Complaint do not rise to the level of extreme and outrageous conduct sufficient to merit an award of emotional distress damages.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiff's allegations are barred, in whole or in part, by the applicable statute of limitations.

## EIGHTEENTH SEPARATE DEFENSE

On the facts alleged, Plaintiff is not entitled to the recovery of back pay, front pay, or reinstatement.

## NINETEENTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by judicial, equitable, and/or collateral estoppel, wavier, and/or laches.

## TWENTIETH SEPARATE DEFENSE

Plaintiff is not entitled to injunctive relief because she has failed to show an injury-in-fact or a threat of real and immediate harm.

FP 44882189.3

## TWENTY-FIRST SEPARATE DEFENSE

Neither Company Defendant nor any of its respective employees, officers, or agents acted in any manner that would constitute any violation of applicable federal, New York State, or New York City laws, as alleged in the Complaint.

## TWENTY-SECOND SEPARATE DEFENSE

Plaintiff is unable to identify any similarly situated individuals who were treated more favorably than she was with regard to the allegations outlined in the Complaint.

## TWENTY-THIRD SEPARATE DEFENSE

Defendants cannot be found liable under the New York City Human Rights Law or New York State Human Rights Law because Plaintiff cannot show that she was treated less well because of her alleged disability.

## TWENTY-FOURTH SEPARATE DEFENSE

Defendants cannot be found liable for disability discrimination because Plaintiff was not a "qualified individual" with a disability.

## TWENTY-FIFTH SEPARATE DEFENSE

Defendants cannot be found liable for disability discrimination because Plaintiff is unable to show that she suffered from any "disability" as defined by the American With Disabilities Act, as amended, New York State Human Rights Law or New York City Human Rights Law.

## TWENTY-SIXTH SEPARATE DEFENSE

Defendants cannot be found liable because Plaintiff is unable to show that Defendants knew, or should have known, that she suffered from any "disability" within the meaning of the American With Disabilities Act, as amended, New York State Human Rights Law or New York City Human Rights Law.

FP 44882189.3

## TWENTY-SEVENTH SEPARATE DEFENSE

Plaintiff failed to engage in an interactive process or cooperative dialogue.

## TWENTY-EIGHTH SEPARATE DEFENSE

The Complaint is not actionable because Defendants did not violate the American With Disabilities Act, as amended, New York State Human Rights Law, the New York City Human Rights Law, or any other anti-discrimination or anti-retaliation statute.

## TWENTY-NINTH SEPARATE DEFENSE

The conduct complained of may consist of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences, and thus, Plaintiff's claims under the New York State Human Rights Law and the New York City Human Rights Law must be dismissed.

## THIRTIETH SEPARATE DEFENSE

Defendants neither engaged in unlawful discrimination, nor aided and abetted it, nor encouraged, condoned, acquiesced, or approved of any discrimination against Plaintiff.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend this Answer to assert further separate defenses and claims upon discovery of additional facts and for other good cause.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray for entry of judgment from this Court:

a.  Dismissing the Complaint in its entirety with prejudice;

b.  Granting such attorneys' fees and costs as permitted by law; and

14

   c.   Granting such other and further relief as this Court may deem just and proper.

Dated: August 15, 2022              Respectfully submitted,

                             **FISHER & PHILLIPS LLP**
                             *Attorneys for Defendants*

               By:    /s/ *Theresa D'Andrea*
                     David B. Lichtenberg, Esq.
                     Theresa D'Andrea, Esq.
                     430 Mountain Avenue, Suite 303
                     Murray Hill, New Jersey 07974
                     Phone: (908) 516-1050
                     Fax: (908) 516-1051
                     E-mail:dlichtenberg@fisherphillips.com
                                  tdandrea@fisherphillips.com

FP 44882189.3

## CERTIFICATE OF SERVICE

A copy of the foregoing "Defendants' Answer and Separate Defenses" was filed electronically via ECF and served on this day via ECF upon all counsel of record.

Dated: August 15, 2022                    Respectfully submitted,

                                          **FISHER & PHILLIPS LLP**
                                          *Attorneys for Defendants*


                        By:      /s/ *Theresa D'Andrea*_____
                                 David B. Lichtenberg, Esq.
                                 Theresa D'Andrea, Esq.
                                 430 Mountain Avenue, Suite 303
                                 Murray Hill, New Jersey 07974
                                 Phone: (908) 516-1050
                                 Fax: (908) 516-1051
                                 E-mail: dlichtenberg@fisherphillips.com
                                         tdandrea@fisherphillips.com